## TEMPLETON v. ATCHISON, T. & S. F. RY. CO. et al.

### No. 4234.

District Court, W. D. Missouri, W. D.
Oct. 5, 1946.

James P. Aylward, Frank W. Aylward and Terence M. O'Brien, all of Kansas City, Mo., for plaintiff.

Tucker, Murphy & Wilson, of Kansas City, Mo., for defendant, Brotherhood of Railroad Trainmen.

Lathrop, Crane, Sawyer, Woodson & Righter, of Kansas City, Mo., for defendant, Atchison, T. & S. F. Ry. Co.

RIDGE, District Judge.

■ Defendant Brotherhood of Railroad Trainmen's motion to make plaintiff's complaint more definite and certain seeks to require plaintiff, in this class action, to "state the names of the persons who are actually affected by the alleged acts complained of and why and by what authority and in what manner the plaintiff is qualified to represent the class." In a class action it is not necessary, to plaintiff's right to maintain such action, that the members of the class be named in the petition or that the petition reveal any nomination or appointment, by the class, of the plaintiff who institutes such action. If the petition establishes there is a class of persons having similar claims against the defendant and that the suit is for an object common to all of them, and that the plaintiff has an interest in the controversy common with those for whom he sues, such plaintiff has a right to maintain the action, if the petition also reveals that such representation by the plaintiff instituting the action adequately and fairly represents all members of the class. The instant petition reveals matters meeting the above requirements. Weeks v. Bareco Oil Co., 7 Cir., 125 F.2d 84.

■ Where one charges an act to be done through an agent it is not necessary to set out, in the petition, the contract of agency. The terms of such contract are evidentiary and subject to proof in support of the allegation charging the existence of an agency.

■ The matters sought in Paragraphs 3, 4, 5 and 6 of defendant's motion are matters calling for evidence and need not be alleged in the petition. Such matters may be more readily obtained under the discovery provisions of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ The awards mentioned in Paragraphs 7, 8, 9, 10, 11 and 12 of said defendant's motion are matters subject to proof under the allegations of plaintiff's petition. It is not necessary to a statement of plaintiff's cause of action that they be set forth in his petition. The aspects in which plaintiff claims such awards to be illegal are all that is required after the award is identified; this, plaintiff alleges in his petition.

In Paragraph 13 of defendant's motion it seeks to require plaintiff to state whether or not he and the messenger-baggageman, whom he claims to represent, had actual knowledge of the proceedings alleged to have been adjudicated by the National Railroad Adjustment Board. In support thereof defendant cites Elgin J. & E. R. Co. v. Burley, 327 U.S. 661, 66 S.Ct. 721.

■ The Burley case involved the authority of a collective bargaining agent to exclusively represent individual railroad employees before the National Railroad Adjustment Board and the right of such agent to settle, finally, the individual claims of grievance certain said employees had against the carrier in question. The contention there made was that the collective bargaining unit was the agent for such employees respecting matters of grievance, with power to represent and settle any such claims. The right of the collective bargaining unit to so act was denied by the individuals who belonged to the bargaining unit. That portion of the opinion in the Burley case, quoted in defendant's suggestion, is pertinent only to the question of agency as considered in said opinion. It is not the ruling in the Burley case, supra, that actual knowledge of the pendency of a proceeding before the National Railroad Adjustment Board, without more, is sufficient to make binding an award of such Board. The decision in said case adheres to the proposition that compliance with the provisions of the Act, as to notice, hearing and participation or representation before the Board, is essential and necessary before an award of such Board is binding on a party. Plaintiff in the case at bar does not allege any facts in his petition which would bring into question a matter of agency, such

as was considered in the Burley case. Plaintiff here alleges a grievance matter which, he says, arises by reason of an award of the National Railroad Adjustment Board which attempts to adjudicate rights personal to him, without notice or opportunity to be heard, and that said Board did not permit plaintiff or the messenger-baggageman (whom he represents) to be heard either in person or by counsel. Conceding that actual knowledge of a proceeding before the National Railroad Adjustment Board alone may be sufficient to estop a person from attacking an award of such Board, which I sincerely doubt, yet if a person with actual knowledge was not permitted to be heard either in person or by counsel, then the award of such Board would be void if, in fact, it undertook to adjudicate and destroy rights personal to such a party. The effect of the ruling in the Burley case, supra, sustains plaintiff's contention with reference to the failure to give notice, as alleged in his petition, and it is not necessary for plaintiff to allege that he had actual knowledge of the pendency of such proceedings.

Neither is it necessary for plaintiff in this action to allege that he, or the messenger-baggageman whom he represents, had previously applied to the National Railroad Adjustment Board concerning the matters complained of in his petition before the institution of this action. The gist of plaintiff's action is that the awards, which the carrier and the Brotherhood of Railroad Trainmen are enforcing, are illegal and void because of want of jurisdiction in the National Railroad Adjustment Board to make the awards in question. Plaintiff here seeks to have the enforcement of said awards enjoined, on the ground that they are destructive of rights personal to him and the messenger-baggageman who belongs to the class he represents, in violation of certain Constitutional privileges. Under such circumstances, it is not necessary in this action that plaintiff or the messenger-baggageman first make application to the Railroad Adjustment Board.

In view of the foregoing, defendant's motion to make plaintiff's complaint more definite and certain is overruled.